Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WARREN SPIES,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.** |
| **VAN RU CREDIT CORPORATION,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

WARREN SPIES ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against VAN RU CREDIT CORPORATION ("Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

# JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Sacramento, California.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a national debt collector with its principal place of business located at 1350 E. Touhy Avenue, Suite 300, Des Plaines, Illinois 60018.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant's calls were automated as when he answered the phone he would either be greeted by a noticeable silence or pause with no caller on the line before the call transferred to a collector or the call hung up.

15. During the time of these repetitive calls, several of the Defendant's collectors have called the Plaintiff asking for a third party.

16. Plaintiff did not consent to receive automated calls for a third party.

17. Shortly after calls started, Plaintiff advised the Defendant's associates that he was not the third party, to stop calling, and that they had the wrong number on several occasions, but the calls did not stop.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

19. However, Defendant ignored Plaintiff and continued to call.

20. Once Defendant was aware that its calls were unwanted and that it was calling the wrong party there was no lawful purpose for continued calls.

21. Despite the above, Defendant continued to repeatedly call Plaintiff on his cellular telephone.

22. Plaintiff found Defendant's calls to be invasive, harassing, annoying, aggravating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. After Plaintiff told Defendant he was not the third party, Defendant knew or should have known it had the wrong number and thus did not have consent to call.

28. After Plaintiff told Defendant to stop calling, the Defendant knew or should have known that it did not have consent to call and that any consent it may have thought it had was revoked.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, WARREN SPIES, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

  c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WARREN SPIES, demands a jury trial in this case.

Respectfully submitted,

DATED: 2/14/2020    By: /s/ Amy Lynn Bennecoff Ginsburg
           Amy Lynn Bennecoff Ginsburg, Esq. (275805)
           Kimmel & Silverman, P.C.
           30 East Butler Pike
           Ambler, PA 19002
           Telephone: (215) 540-8888
           Facsimile (215) 540-8817
           Email: aginsburg@creditlaw.com
           Attorney for Plaintiff